UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PAYAM HEIDARY, | ) | CV10-05517-AHM (SSx) |
| Plaintiff(s), | ) | ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE |
| v. | ) | |
| ANTELOPE VALLEY COLLEGE, *et al.*, | ) | |
| Defendant(s). | ) | |

On February 15, 2011, the Court ordered plaintiff to show cause in writing, no later than March 1, 2011, why the above-entitled action should not be dismissed as to all remaining defendants for lack of prosecution. On March 1, 2011, plaintiff filed his response to the order to show cause in which he requested that the Court stay this action pending the exhaustion of the state court remedies. The Court declines to stay this action.

Five factors must be considered before imposing the sanction of dismissal: "(1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic

sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Dismissal is warranted "where at least four factors support dismissal, . . . or where at least three factors 'strongly' support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th 1998). While preferred, it is not required that a district court make explicit findings regarding the five factors. *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

The Court hereby finds that dismissal is warranted under the facts of this case. Public interest in expediency and management of the Court's docket both support dismissal. The Court's docket is very extensive and cannot be managed efficiently and expeditiously if parties fail to comply with court orders. The risk of prejudice to the Plaintiff weighs in favor of dismissal, as Plaintiff's action has caused Defendant to wait unnecessarily "in limbo" and to expend further time and money to monitor the action. Less drastic sanctions are not warranted, given that Plaintiff received notice of the potential of dismissal should Plaintiff fail to timely serve the summons and complaint. While public policy would favor a disposition on the merits, at least four of the factors (factors 1, 2, 3, and 5) support dismissal here, and thus, dismissal is warranted. *See Hernandez*, 138 F.3d at 399.

Accordingly, good cause appearing therefor, the Court hereby DISMISSES this action pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute and failure to obey an order of this Court. The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: March 1, 2011

A. HOWARD MATZ
United States District Judge

**JS-6**

2